[No. 16663. Department Two. November 22, 1921.]

L. R. MINARD et al., *Respondents*, v. L. P. SCHUMAKER, *Appellant*.[1]

ANIMALS (3)—AGISTER'S LIEN—DEFENSES—FAILURE TO REDELIVER —TENDER OF AMOUNT DUE—NECESSITY. In an action to recover an agister's lien for the pasturage of horses, an answer of defendant seeking recovery for one of the horses not accounted for is subject to demurrer if it does not plead a tender of the amount due for pasturage.

JUDGMENT (65)—CONFORMITY TO PLEADINGS—AMOUNT DEMANDED— AGISTER'S LIEN—FORECLOSURE. A judgment for an agister's lien, which includes an amount due between the time of commencement of the action and the time of trial, though without the filing of a supplemental complaint, is not prejudicial where the same rate was allowed after, as before, the institution of the action.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered January 24, 1921, upon findings in favor of the plaintiffs, in an action to foreclose an agister's lien, tried to the court. Affirmed.

*Gus. L. Thacker,* for appellant.

*A. E. Rice,* for respondents.

MAIN, J.—This action was brought for the purpose of foreclosing a claimed agister's lien upon five horses. The trial resulted in findings of fact, conclusions of law and a judgment sustaining the plaintiffs' right to recover and for foreclosure of the lien. The defendant appeals.

The appellant makes two assignments of error. First, the court erred in sustaining a demurrer to the .affirmative defense pleaded in the answer, and second, that the court erred in entering a judgment for the sum of $169.90, which was greater in amount than that claimed in the original complaint. As to the first, it

[1]Reported in 201 Pac. 909.

appears that, after answering the complaint by certain denials and admissions, the appellant pleaded an affirmative defense in which he sought recovery of the value of one horse which could not be produced at the time he went to the farm of the respondents for the purpose of receiving the horses. There were originally placed in the pasture six horses. While the answer sought recovery for the horse which was not accounted for, it does not plead a tender of the balance due the respondents for pasturage at the time, or at all. To this affirmative defense a demurrer was interposed and sustained. There being no allegation of tender of the amount due at the time the possession of the horses was demanded by the appellant, it was not error for the trial court to sustain a demurrer thereto. 3 Corpus Juris 39.

As to the second assignment of error, it is argued that the judgment should have been for the sum of $132.40, the amount claimed in the original complaint, instead of $169.90, the amount for which judgment was entered. Upon the trial of the cause, the question arose as to whether the respondents should recover for the pasturage of the horses after the action had begun and prior to the time of the trial, they having remained in possession of the respondents during this time. The respondents were permitted to amend the complaint so as to include the pasturage account for this period. This was objected to by the appellant, who claimed surprise and asked for a continuance of the action. No formal supplemental complaint covering the amount accruing subsequent to the institution of the action was filed. The trial court permitted a recovery for the period subsequent to the institution of the action and prior to the trial at the same rate as that allowed prior to that time. Even though no formal supplemental

complaint was filed, it is plain from the record that the appellant was not prejudiced by reason of this fact, since the recovery for the pasturage of the horses after the institution of the action was at the same rate as that prior thereto.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.